IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THE BANK OF NEW YORK MELLON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 12-cv-3896 |
| v. | ) | |
| | ) | Judge Robert M. Dow, Jr. |
| MARLENE ONTIVEROS, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER AND OPINION**

Plaintiff The Bank of New York Mellon ("Bank of New York" or "Plaintiff") filed a mortgage foreclosure complaint against Defendants Marlene and Fernando Ontiveros. Plaintiff alleges that Defendant Marlene Ontiveros signed a note and both Defendants signed a mortgage when they borrowed $174,800.00 in July 2003 and that they have now defaulted on those obligations. Plaintiff seeks damages, interest, and attorney's fees and costs. This matter is now before the Court on Plaintiff's motions for summary judgment [15] and to appoint special commissioner [18]. For the reasons stated below, the Court grants Plaintiff's motions [15 and 18].

**I.    Background**

**A.    Fact Statements**

Local Rule of Civil Procedure 56.1 requires a party moving for summary judgment to file "a statement of material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law." N.D. Ill. R. 56.1(a)(3). The statement "shall consist of short numbered paragraphs" that refer to "materials relied upon to support the facts set forth." N.D. Ill. R. 56.1(a). The party opposing summary judgment is then

1

required to file "a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon." N.D. Ill. R. 56.1(b)(3)(B).

"The obligation set forth in Local Rule 56.1 is not a mere formality. Rather, [i]t follows from the obligation imposed by Fed. R. Civ. P. 56(e) on the party opposing summary judgment to identify specific facts that establish a genuine issue for trial." *Sojka v. Bovis Lend Lease, Inc.,* 686 F.3d 394, 398 (7th Cir. 2012) (quotation marks and citations omitted). "Because of the important function local rules like Rule 56.1 serve in organizing the evidence and identifying disputed facts," the Seventh Circuit has "consistently upheld the district court's discretion to require strict compliance with those rules." *F.T.C. v. Bay Area Bus. Council, Inc.,* 423 F.3d 627, 633 (7th Cir. 2005); see also *Cracco v. Vitran Exp., Inc.,* 559 F.3d 625, 632 (7th Cir. 2009); *Waldridge v. Am. Hoechst Corp.,* 24 F.3d 918, 922 (7th Cir. 1994) (collecting cases). Indeed, as another court in this district previously observed, "the penalty for failing to properly respond to a movant's 56.1(a) statement is usually summary judgment for the movant (at least if the movant has done his or her job correctly) because the movant's factual allegations are deemed admitted. *Malec v. Sanford*, 191 F.R.D. 581, 584 (N.D. Ill. 2000); see also *Bank of New York Mellon Trust Company v. James*, 2013 WL 6009260, at *1 (N.D. Ill. Nov. 13, 2013).

Here, the relevant facts are taken from Plaintiff's Local Rule 56.1 Statement of Material Facts ("SOF") [16]. Despite having the opportunity, Defendants—who are represented by counsel—failed to submit a response to Plaintiff's SOF or a statement of additional facts. Local Rule 56.1(b)(3)(C) provides that "[a]ll material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party." The Court therefore deems admitted all of the facts set forth in Plaintiff's SOF.

### B. Factual Background

On or about July 24, 2003, America's Wholesale Lender ("AWL") lent Defendant Marlene Ontiveros the sum of $174,800.00. Defendant executed a note in favor of AWL in exchange for the $174,800.00. Countrywide Home Loans, successor to AWL, executed an Assignment of Mortgage to Plaintiff on July 30, 2003. Plaintiff has possession of the note and owns the note, which bears an indorsement. Pursuant to the note, Defendant agreed to pay interest at a yearly rate of 5.875%. Defendant also agreed to make monthly payments on the first day of every month.

AWL secured its interests in the note by recording a mortgage with the Cook County Recorder of Deeds on August 16, 2003. The property is commonly known as: 2213 South 59th Avenue, Chicago, IL 60804.

The mortgage provides that the note is fully secured, stating that:

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to Lender and Lender's successors and assigns, the following described property * * *.

The language of the Mortgage further provides

If [after notice] the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled to collect expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

In the mortgage, Defendants also agreed to pay taxes, insurance and any other escrow items that may apply.

In November 2010, Defendants failed to pay the monthly installments of principal, interest, taxes, insurance and other escrow items. On September 20, 2011, the Notice of Default and Acceleration was mailed to Defendant. Currently, Defendants have failed to make payment on the note from November 2010 through the present. There remains an outstanding principal balance of $155,771.94 as of August 2, 2012, with interest accruing on the unpaid principal balance at $24.40 per day, plus attorney's fees, foreclosure costs, late charges, advances, and expenses incurred by the Plaintiff as a result of the default. Plaintiff has submitted undisputed evidence that it has incurred reasonable attorney fees and other litigation and foreclosure expenses totaling $2,094.00.

## II.     Analysis

### A.     Summary Judgment Standard

Summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To avoid summary judgment, the opposing party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250\ (1986) (quotation omitted). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. The party seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact. See *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Summary judgment is proper against "a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322. The party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec.*

4

*Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence in support of the [opposing] position will be insufficient; there must be evidence on which the jury could reasonably find for the [opposing party]." *Anderson,* 477 U.S. at 252.

### B. Applicable Law

This matter is before the Court pursuant to the Court's diversity jurisdiction. See 28 U.S.C. § 1332. In diversity cases, the Court applies federal procedural law and state substantive law. *E.g.*, *Santa's Best Craft, LLC v. St. Paul Fire & Marine Ins. Co.*, 611 F.3d 339, 345 (7th Cir. 2010). The Court applies the choice-of-law rules from the forum state to determine which state's substantive law will govern. See *ECHO, Inc. v. Whitson Co.*, 52 F.3d 702, 706 (7th Cir. 1995). Here, both sides agree that Illinois substantive law applies.

Defendants primarily argue that Plaintiff must comply with Illinois Supreme Court Rules that govern foreclosure in Illinois state courts. Defendants are incorrect. The Illinois Supreme Court Rules are "the procedural rules of the Illinois courts, and thus do not set out substantive law which the federal courts must follow when sitting in diversity." *Bachenski v. Malnati*, 11 F.3d 1371, 1380 (7th Cir. 1993) (recognizing that state court rules are procedural). Under the *Erie* doctrine, state procedural rules, including the Illinois Supreme Court Rules, are "inapplicable" and "irrelevant" in federal court proceedings. See *Alexander v. Mount Sinai Hosp. Med. Ctr. of Chicago*, 2005 WL 3710369, at *7 (N.D. Ill. Jan. 14, 2005) (federal court with diversity jurisdiction over a medical malpractice case refusing to apply Illinois Supreme Court Rules relating to discovery and compelled testimony). Judicial rules constraining Illinois state courts, even those derived from the Illinois Constitution, do not impact federal procedures in mortgage foreclosure cases. See, *e.g.*, *Bancboston Mortgage Corp. v. Pieroni*, 765 F. Supp.

5

429, 430 (N.D. Ill. 1991) (comparing federal and state court foreclosure cases and noting that "federal courts are not subject to the same constraint that is imposed by the judicial article of the Illinois Constitution and construed in Factor [to prohibit appointment of a commissioner for the purpose of selling the real estate at foreclosure sale], and the regular practice in federally-filed mortgage foreclosures is to appoint a special commissioner to conduct the sale").

Not surprisingly, Defendants offer no authority for their statement that the Illinois Supreme Court Rules are substantive rather than procedural. And the Illinois Supreme Court Rules themselves confirm that they are procedural rules that apply only in Illinois courts. The Illinois Supreme Court derives its authority to make such rules from the Illinois Code of Civil Procedure. Rule 1 confirms that the rules "govern all proceedings in the trial court, except to the extent that the procedure in a particular kind of action is regulated by a statute other than the Civil Practice Law." Ill. S. Ct. Rule 1. Thus, as previously noted, the Court will apply federal procedural law and Illinois substantive law to the present dispute.

C. **Mortgage Foreclosure**

Plaintiff, the current holder of the note and assignee of the mortgage as established by the undisputed facts, moves for summary judgment, seeking to foreclosure on the mortgage at issue. Under the Illinois Mortgage Foreclosure Law, 735 ILCS 5/15–1501 *et seq,* a mortgage is "any consensual lien created by a written instrument which grants or retains an interest in real estate to secure a debt or other obligation." 735 ILCS 5/15–1207. "To foreclose" means "to terminate legal and equitable interests in real estate pursuant to a foreclosure." 735 ILCS 5/15–1202. Illinois law requires that a copy of the Note and Mortgage be attached to the Complaint in a mortgage foreclosure action. 735 ILCS 5/15–1504.

Federal Rule of Civil Procedure 56(e) makes clear that "a party opposing summary judgment may not rely on the allegations of her pleadings." *Waldridge,* 24 F.3d at 920. "[I]f the non-movant does not come forward with evidence that would reasonably permit the finder of fact to find in her favor on a material question, then the court *must* enter summary judgment against [the nonmovant]." *Id.* (citations omitted).  Defendants have made no evidentiary showing sufficient to establish that a genuine issue of fact exists.  Copies of the mortgage and note were attached to Plaintiff's complaint and were attached as exhibits to Plaintiff's statement of facts.  In light of Defendants' failure to properly contest any of Plaintiff's statements of fact, Plaintiff has shown that Defendants executed the note and mortgage and then defaulted under the terms of the note and mortgage.  Furthermore, Bank of New York's ownership of the note is shown by its possession as well as by the assignment of mortgage document attached to the complaint and to Plaintiff's statement of facts.  Thus, the factual record before the Court demonstrates that there are no genuine issues of material fact with respect to any elements of Plaintiff's foreclosure claim; namely, that (1) Defendants had a mortgage; (2) they failed to pay; and (3) they defaulted.  Defendants have put forth no evidence to contradict these facts.

Furthermore, Plaintiff has shown that it suffered damages as a result of Defendants' actions.  Plaintiff has presented evidence demonstrating that it is owed $186,607.00, plus interest of $24.40 per day after August 2, 2012.  Plaintiff also has provided documentation showing that it has incurred $2,094.00 in attorneys' fees and costs in seeking recovery of its damages.  Because Plaintiff has submitted uncontroverted evidence supporting all elements of its mortgage foreclosure claim against Defendants Marlene and Fernando Ontiveros, the Court grants summary judgment on the claim and awards Plaintiff its requested relief.

**III.     Conclusion**

For the reasons stated above, the Court grants Plaintiff's motion for summary judgment [15] and enters judgment in favor of Plaintiff Bank of New York and against Defendants Marlene Ontiveros and Fernando Ontiveros. The full details of the Judgment of Foreclosure will be set forth more fully in the separate judgment order entered this date, including the award of 186,607.00, plus interest of $24.40 per day after August 2, 2012, and $2,094.00 in attorneys' fees and costs. Furthermore, for the purposes of sale, the Court also grants Plaintiff's motion to appoint special commissioner [18] and appoints The Judicial Sales Corporation as Special Commissioner for the purposes of conducting a public foreclosure sale of the subject property in accordance with the terms set forth in the Judgment of Foreclosure.

Dated: January 13, 2014          _____
                                 Robert M. Dow, Jr.
                                 United States District Judge